IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:12-cv-827 |
| v. | ) ) | C O M P L A I N T |
| THE SNEAKERS CORPORATION D/B/A JUST SNEAKERS, INC. | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008, and Title I of the Civil Rights Act of 1991, against Defendant, The Sneakers Corporation d/b/a Just Sneakers, Inc. (hereinafter "Defendant" or "Sneakers"). All references herein to the ADA include the Americans with Disabilities Act Amendments Act of 2008. The actions at issue occurred after January 1, 2009.

This action is brought to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Kyle Dalton ("Dalton") who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("EEOC," or the

1

"Commission") alleges Defendant refused to provide Dalton with a reasonable accommodation of his disability and discharged him because of his disability in violation of ADA provisions 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Alabama, Southern Division.

## PARTIES

3. Plaintiff is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107 of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

2

4. At all relevant times, Defendant Sneakers has continuously been a Georgia corporation doing business in the State of Alabama and the City of Enterprise, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Sneakers has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## COUNT I
### (Reasonable Accommodation)

7. More than thirty days prior to the institution of this lawsuit, Dalton filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. At all times relevant to the events alleged in this complaint, Dalton was a qualified individual with a disability who, with or without an accommodation, could perform the essential functions of the job of sales clerk for Defendant.

9. At all times relevant to the events alleged in this complaint, Dalton had physical impairments which substantially limited one or more major life activities, including seeing and general eye functions.

10. On or about March 23, 2010, Dalton, who had previously been employed as a sales clerk with Defendant, applied for rehire as a sales clerk and was offered employment at Defendant's retail shoe store in Enterprise, Alabama.

11. When rehired, Dalton voluntarily disclosed to the Store Manager that following his discharge from the military, he was now medically classified as "legally blind."

12. During the rehire process, neither the Store Manager nor Dalton discussed any intervening change in the store's operation and neither discussed the possible need for accommodation in connection with his disability.

13. Dalton began work on March 23, 2010 and next worked on March 25, 2010. During his employment, Dalton was assigned to sell shoes, stock shelves, and complete customer transactions using a computerized register.

14. Dalton performed his job at or above the legitimate expectations of Defendant and with substantial success. He successfully performed all assigned duties included in the position description.

15. On or about March 25, 2010, Dalton reported to his Store Manager that the register's color screen was difficult to read. However, the Store Manager

did not discuss the cause of the problem with the screen and did not engage in any interactive process to determine possible solutions to what Defendant perceived as Dalton's problems viewing and reading the screen display.

16.     Defendant later reported that the Store Manager observed Dalton holding objects, such as shoes, shoeboxes, and documents close to his face in an apparent effort to read printed information.

17.     The Store Manager did not engage in any interactive process with Dalton to determine whether a reasonable accommodation was required to enable Dalton to read printed information.  No accommodation was offered or considered by Defendant.

18.     Defendant's refusal to provide Dalton with a reasonable accommodation of his disability, including the failure to engage in the interactive process because of his disability, constituted discrimination because of disability in violation of ADA provisions 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A).

## COUNT II
### (Termination)

19.     Plaintiff realleges and incorporates by reference paragraphs seven (7) through eighteen (18) herein.

20.     On or about March 26, 2010, Defendant Employer engaged in unlawful employment practices at its Enterprise, Alabama facility, by intentionally

5

discharging Dalton because of his disability in violation of the Act. 42 U.S.C. §12112(a).

21. Defendant terminated Dalton after his second day of employment on March 26, 2010 because Dalton was visibly disabled.

22. Defendant believed Dalton was more likely to make a mistake in the future than non-disabled employees.

23. Defendant treated similarly situated non-disabled employees more favorably than it treated Dalton and did not discharge them when their performance was equal to or less than Dalton's.

24. Defendant's termination of Dalton's employment because of his disability constituted discrimination because of disability in violation of ADA provisions 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A).

## ADDITIONAL ALLEGATIONS

25. The effect of the practices complained of in Paragraphs 7 through 24 has been to deprive Dalton of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

26. The unlawful employment practices complained of in Paragraphs 7 through 24 were intentional.

27. The unlawful employment practices complained of in Paragraphs 7 through 24 were done with malice or with reckless indifference to the federally protected rights of Dalton.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to reasonably accommodate disabled employees and from discharging employees because they are disabled.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Kyle Dalton by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Kyle Dalton by providing compensation for any past and future pecuniary losses, including medical expenses

and job search expenses, if any, resulting from the unlawful employment practices described in paragraphs 7 through 24 above, in amounts to be determined at trial.

E.  Order Defendant to make whole Kyle Dalton by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 24 above including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay Kyle Dalton punitive damages for its malicious and reckless conduct, in amounts to be determined at trial.

G.  Order Defendant to provide Kyle Dalton appropriate equitable relief, in the form of reinstatement and/or an appropriate award of front pay.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                                            P. DAVID LOPEZ
                                            General Counsel

                                            JAMES L. LEE
                                            Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, DC 20507

_____
C. Emanuel Smith (MS 7473)
Regional Attorney
Tel.: (205) 212-2045
Fax: (205) 212-2041
emanuel.smith@eeoc.gov


_____
Julie Bean (DC 433292)
Supervisory Trial Attorney
Tel.: (205) 212-2067
Fax: (205) 212-2041
julie.bean@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205

9